**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3715-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVON COOPER,

     Defendant-Appellant.

_____

> Submitted December 3, 2024 – Decided December 16, 2024
>
> Before Judges Firko and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-04-0267.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Davon Cooper appeals from a June 22, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his trial and appellate counsel rendered ineffective assistance. Judge John A. Young, Jr. thoroughly considered defendant's contentions and rendered a comprehensive written opinion, with which we substantially agree. We affirm.

Defendant and co-defendant Aaron Enix were charged with murder, conspiracy to commit murder, and two counts of possession of a weapon for an unlawful purpose. The victim was shot sixteen times and identified defendant and Enix as the suspects. Defendant and Enix were observed in surveillance footage wearing distinctive burgundy colored clothing and shooting the victim before running from the scene towards an alley near 70 Clark Street in Jersey City. Defendant and Enix were apprehended two blocks away.

The police recovered two firearms on the porch at 70 Clark Street that were used in the shooting. Fifteen days later, the victim died from injuries sustained from the shooting. Surveillance footage was obtained from nearby locations, which captured figures fleeing toward an alley near 70 Clark Street and discarding something as they ran. A jury found defendant not guilty on the

murder and conspiracy to commit murder charges, but guilty of the weapons charges. Enix was found guilty of murder and the weapons charges.

Judge Young sentenced defendant to sixteen years' imprisonment subject to an eight-year period of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c). The sentence was to run consecutively to a six-year prison sentence subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, in an unrelated indictment. We affirmed the convictions but remanded for re-sentencing due to the improper merger of the two weapon counts. State v. Cooper, No. A-2695-18 (App. Div. Apr. 7, 2021). Our Supreme Court denied defendant's petition for certification. State v. Cooper, 247 N.J. 399 (2021).

On February 3, 2022, Judge Young re-sentenced defendant to an extended fourteen-year term of imprisonment for second-degree possession of a handgun for an unlawful purpose count, eligible for release after serving seven years, and re-sentenced defendant to a seven-year term of imprisonment for the second-degree unlawful possession of a handgun without a license count. Both sentences were to run concurrently.

Defendant timely filed a petition for PCR claiming his trial counsel was ineffective for failing to move: (1) to dismiss the indictment; (2) for a judgment

of acquittal; or (3) for a new trial.  Defendant also claimed his appellate counsel was ineffective for not raising these arguments on direct appeal.

Defendant contended his trial counsel was ineffective for not moving to dismiss the indictment and was prejudiced by the admission of double hearsay at trial.  Defendant argued the grand jury witness testimony elicited from Detective Sherika Salmon was improperly used at trial to prove the charges in the indictment, warranting an evidentiary hearing.

Defendant also asserted his trial counsel was ineffective for not moving for a judgment of acquittal or a new trial because there was insufficient evidence placing defendant at the scene of the shooting and to support the jury finding defendant was guilty of the weapons offense.  Defendant claimed his appellate counsel was ineffective for not likewise arguing that his trial counsel did not make the same motions.

The judge found defendant's PCR petition was barred under Rules 3:10-2(c) and 3:22-4 because arguments about trial counsel's failure to move to dismiss the indictment should have been raised on direct appeal.  In his written opinion, the judge found:

> [Defendant] could have asserted on appeal that trial counsel was ineffective for failing to file a motion to dismiss the indictment, however, failed to do so.  While [defendant] alleges a basis of fundamental injustice,

devoid of specificity, this [c]ourt does not discern a fundamental injustice to disturb the [i]ndictment, for which [defendant] was tried and convicted. Nor would denial of such relief be contrary to our Federal or State Constitutions. [Defendant] and his trial counsel have known the basis of the [i]ndictment . . . from the inception of this case. A motion to dismiss an [i]ndictment should have been made prior to trial, when such a motion is to be filed pursuant to our court rules, and if such argument had merit, should have been raised on appeal. . . . [Defendant] has failed to present any justifiable reason why such issues were not presented on appeal.

Notwithstanding the procedural bar, the judge addressed the substantive merits of defendant's claim. The judge determined that an indictment may be based on hearsay and evidence not otherwise admissible at trial. The judge highlighted that "the State merely elicited from [the grand jury witness] the cause of death provided in the victim's death certificate."

In addressing defendant's claim that trial counsel was ineffective for not moving for acquittal or a new trial, the judge reasoned:

[T]he jury did not find [defendant] guilty of murder or conspiracy to commit murder. The jury found [him] guilty of the weapons charges. . . . The jury observed surveillance footage of the shooting which showed [defendant] and . . . Enix shooting the victim then running from the scene to a nearby area where they discarded their weapons. The jury saw and considered the weapons as evidence. The jury also saw [defendant]'s clothing at the time of the shooting and his subsequent arrest. The jury heard the victim's

5

statement identifying [defendant] and . . . Enix as the shooters. The jury determined the credibility of the various witnesses presented by the State. Sufficient evidence exists which supports the jury finding [defendant] guilty of the weapons offenses. As the Appellate Division noted, "it is entirely plausible to infer from this evidence that [defendant] possessed one of the handguns recovered by the police near the crime scene." [Defendant]'s conviction was also affirmed by our Appellate Division. As the Appellate Division stated, "[a]fter reviewing the record developed before the trial court, we discern no legal basis to disturb the jury's verdict and affirm."

The judge explained that defendant failed to "demonstrate the deficiency of trial counsel," and therefore, appellate counsel was not ineffective. The judge emphasized that defendant's arguments "would have been frivolous on appeal." The judge concluded defendant did not satisfy the burden under the first and second prongs of Strickland,[1] as adopted by our Supreme Court in Fritz.[2] A memorializing order was entered.

Defendant appeals, reprising his arguments about the ineffectiveness of trial and appellate counsel in the following points:

POINT I

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR

---

[1] Strickland v. Washington, 466 U.S. 668, 694-95 (1984).

[2] State v. Fritz, 105 N.J. 42, 51 (1987).

COUNSEL'S FAILURE TO MOVE TO DISMISS THE INDICTMENT AND MOVE FOR A JUDGMENT OF ACQUITTAL OR NEW TRIAL.

(A) Applicable Law.

(B) Counsel Was Ineffective For Not Filing A Motion To Dismiss The Indictment.

(C) Counsel Was Ineffective For Not Moving For A Judgment Of Acquittal Or New Trial.

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT APPEALING TRIAL COUNSEL'S FAILURE TO MOVE TO DISMISS THE INDICTMENT, MOVE FOR A JUDGMENT OF ACQUITTAL AND MOVE FOR A NEW TRIAL.

POINT III

DEFENDANT'S PETITION FOR [PCR] SHOULD NOT BE BARRED BECAUSE DEFENDANT COULD NOT HAVE BROUGHT HIS CLAIM OF FAILURE TO DISMISS THE INDICTMENT IN A PRIOR PROCEEDING AND THE INTERESTS OF JUSTICE REQUIRE HIS CLAIM BE HEARD.

Our review of the record convinces us Judge Young conscientiously considered all of defendant's claims and appropriately denied him relief. We agree defendant failed to establish a prima facie case of trial or appellate counsel's ineffectiveness based upon our de novo review. State v. Nash, 212

7

N.J. 518, 540-41 (2013). We are unpersuaded that a motion to dismiss the indictment would have been granted, as the judge duly noted. Detective Salmon testified before the grand jury about the victim's cause of death as stated on the death certificate and did not give expert opinion testimony as to the cause of death. At the grand jury proceeding, the following colloquy was exchanged between the prosecutor and the witness, Detective Salmon:

> [Prosecutor]: An ambulance responded to the scene and transported him to the Jersey City Medical Center, correct?
>
> [Witness]: Correct.
>
> [Prosecutor]: And he later passed away as a result of his—the wounds that he suffered, correct?
>
> [Witness]: Correct.
>
> [Prosecutor]: And he passed away on the 12th of—
>
> [Witness]: December.
>
> [Prosecutor]: —December, correct?
>
> [Witness]: Correct.
>
> [Prosecutor]: I'm going to show you what's marked as [g]rand [j]ury exhibit 2 for identification purposes. Detective, this is a certificate of death with the—from . . . the State of New Jersey; is that correct?
>
> [Witness]: Correct.

[Prosecutor]: It states [the victim's] date of death was 12/12/2016, correct?

[Witness]: Correct.

[Prosecutor]: Does it state a manner of death?

[Witness]: Correct.

[Prosecutor]: And what is the manner of death?

[Witness]: Homicide.

[Prosecutor]: And what is the cause of death?

[Witness]: Multiple gunshot wounds.

The judge correctly ruled that an indictment may be based on hearsay and the evidence that is not typically admissible at a trial, citing State v. Tringali, 451 N.J. Super. 18, 26 (App. Div. 2017) (stating that in grand jury proceedings, hearsay is admissible). Here, the record establishes no issues of material fact regarding the purpose of Detective Salmon's testimony—to simply recite the manner and cause of the victim's death as reflected in the death certificate. No expert testimony was elicited. As stated by the judge, Detective Salmon did not render an opinion as to the victim's cause of death, and a dismissal of the indictment was not warranted. Therefore, the judge found that defendant failed to establish a prima facie case of trial counsel's ineffectiveness under the first

9

<u>Strickland</u> prong. We agree based upon our de novo review. Defendant also failed to establish prejudice under the second <u>Strickland</u> prong.

We also conclude that the judge properly determined that neither a motion for acquittal nor a new trial had merit given the overwhelming evidence presented against defendant. At trial, the jury considered the testimony of sixteen witnesses presented by the State. The jury also observed surveillance footage of the shooting—which showed defendant and Enix shooting the victim and running from the scene to a nearby area where they discarded their weapons—and the jury considered the weapons as evidence.

In addition, the jury had defendant's clothing at the time of the shooting and his arrest to examine, and the victim's statement identifying defendant and Enix as the shooters. Moreover, defendant was found not guilty of the murder or conspiracy to commit murder charges. We stated in our prior opinion that "it is entirely plausible to infer from this evidence that [defendant] possessed one of the handguns recovered by the police near the crime scene." <u>Cooper</u>, slip op. at 12.

The judge aptly found defendant failed to establish a prima facie case that trial counsel was ineffective for not filing a motion for acquittal or new trial under the first <u>Strickland</u> prong. The record supports that determination. We

are also satisfied that defendant failed to show prejudice under the second Strickland prong.

We also agree with the judge that appellate counsel was not ineffective for failing to make frivolous or futile arguments on direct appeal. The right of effective assistance of counsel includes not only trial counsel, but also appellate counsel on direct appeal. State v. O'Neil, 219 N.J. 598, 610 (2014). To obtain a new trial based on ineffective assistance of appellate counsel, a defendant must establish a "reasonable probability that, but for the errors of . . . appellate counsel, the outcome would have been different." State v. Echols, 199 N.J. 344, 361 (2009).

Appellate counsel will not be found ineffective if appellate counsel's failure to appeal the issue was not due to a "clearly improper" error. State v. Harris, 181 N.J. 391, 499 (2004) (citation omitted) (quoting State v. Williams, 113 N.J. 393, 452 (1988)). Consequently, appellate counsel is not required to raise every possible issue and need only raise issues that have a reasonable possibility of success. State v. Gaither, 396 N.J. Super 508, 515-16 (App. Div. 2007).

Here, the judge correctly found that defendant's appellate counsel was not ineffective in light of the evidence against defendant, the lack of proof showing

11

trial counsel was ineffective, and the meritless argument about the purported hearsay before the grand jury. We agree that any efforts by appellate counsel to argue these issues would have been unsuccessful.

Defendant failed to establish that the performance of his trial and appellate counsel was substandard, or but for any of the alleged errors, the result would have been different. See Strickland, 466 U.S. at 687-88. Moreover, an evidentiary hearing is necessary only if a petitioner presents sufficient facts to make out a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462-63 (1992); R. 3:22-10(b).

The judge correctly determined an evidentiary hearing was unwarranted. Accordingly, we affirm substantially for the reasons expressed in Judge Young's opinion of June 22, 2023.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3715-22